

DEC 0 5 2007

KC FILED
DEC 0 5 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Chicago Committee for the Right to Work )
   Juan Doe, Jose Doe, )
       Plaintiffs )
) 07CV6842
) JUDGE CONLON
v. ) MAGISTRATE JUDGE BROWN
)
City of Chicago, Officers A.W. Sherlock )
   and Officer A. Trapalis, in their )
   individual and official capacities, ) Jury Demanded
   Robert G. Degenhart, Does 1-20, )
       Defendants. )

## COMPLAINT

Plaintiffs complain against the defendants as follows:

### JURISDICTION AND VENUE

1. This action arises under the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983, as amended ("Section 1983") for violations of plaintiffs' constitutional rights and they also plead supplemental state law claims.

2. Declaratory and injunctive relief, damages, and other appropriate legal and equitable relief are sought pursuant to Section 1983 and state law.

3. Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1331, 1343(a); and 28 U.S.C. Sec. 1367.

4. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. Section 1391(b), as the events complained of occurred in this district.

### PARTIES

5. Plaintiff Chicago Committee to Defend the Right to Work, is an organization formed to advocate for, provide support for, and defend the right of workers to seek work through

traditional means such as standing in public places waiting for contractors or employers to employ them.

6. Plaintiffs Juan Doe and Jose Doe, were at all times relevant, present within the United States of America and are entitled to all the rights, privileges and immunities guaranteed to all people within the United States under the Constitution and Laws of the United States. Both individual plaintiffs have practiced the profession of day laborer which involves seeking work from employers who hire workers from public locations where they gather and both are members of the Committee

7. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, is the employer of the individual defendants and is responsible for the policies, practices and customs of the Chicago Police Department.

8. Defendant police officers, were responsible for the arrests of individual plaintiffs and at all times relevant herein, were employees of the CPD who participated in the execution of the police actions complained of herein

9. Doe one, is the Superintendent of Police of the City of Chicago, with responsibility for supervising, training, assigning, administrating and controlling all officers and employees of the Chicago Police Department.

10. Does 2 through 20, were employees of the CPD who participated in the execution of the police actions complained of herein. The true names and identities of defendants designated as Does 2 through 20, inclusive, are unknown to plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend their complaint to show the true names and identities of these defendants when they have been ascertained.

11. Defendant Robert G. Degenhart, was the owner of a business who falsely complained to the CPD, and who participated in the execution of the police actions complained herein. Additionally, some of these defendants signed a criminal complaint against one or more of the plaintiffs.

## FACTS

12. Individual plaintiffs are employed as day laborers.

13. Day laborers practice a profession which has been practiced at least as far back as the great Depression of the 1930s. Probably in response to a massive downturn in the economy and the inability to secure permanent full-time employment, skilled laborers took to the streets to make known their availability for employment utilizing the various skills and trades that they had learned.

14. In Chicago, day laborers have been a presence for at least a decade on various street corners within the city of Chicago, and in the parking lots of commercial retail centers often around home-improvement stores.

15. In some areas of the city, the laborers stand on public street corners and another areas of the city they're allowed to occupy private property such as the parking lots of gas stations and other commercial establishments to seek work.

16. On or about April 7, 2006, plaintiffs Juan and Jose Doe, and other unnamed individuals were standing on the sidewalk outside of a business located at 3800 West Belmont Ave.

17. The business housed within the building was a manufacturing business that had no retail business on the premises and had a parking lot at the rear of the building and an entrance from the parking lot in the rear of the building which employees use to enter and exit the

3

building.

18. The Doe plaintiffs were standing on the public sidewalk in front of the building when a police cruiser arrived. The three men standing there were detained and after the police officer spoke with defendant Degenhart the three men were arrested and were taken to the police station at 5555 West Grand Avenue, i.e. Grand and Central.

19. At no time did any police personnel give any order to disperse, make any warning of impending arrests or advise persons that their conduct was unlawful.

20. Nor were plaintiffs engaged in any unlawful conduct as they were standing peacefully on the public sidewalk awaiting the opportunity of work.

21. Plaintiffs were required to provide information to defendants concerning their identities, employment and other matters which were recorded on official police reports, and upon information and belief, continue to be maintained at the police stations

22. Plaintiffs had their fingerprints taken, the photographs taken, were subject to questioning and were ultimately charged with criminal trespass.

23. Plaintiffs were detained for several hours until they were processed, fingerprinted and a background check was run.

24. Plaintiffs were subsequently forced to appear in court and defend against false charges that they engaged in criminal conduct, namely criminal trespass.

25. All charges against plaintiffs were ultimately dropped or dismissed and the cases terminated in favor of plaintiffs.

26. At the time of plaintiffs' arrests, there was no probable cause for their arrests, and the defendant officers did not have reasonable grounds to believe that plaintiffs were committing

a crime.

27. At all relevant times herein, the defendant officers were acting in the course and scope of their employment as Chicago police officers.

28. At all relevant times herein, the defendant officers were acting under color of state and local law.

29. Defendants knowingly and intentionally disregarded plaintiffs' constitutional rights.

30. Defendants' conduct was malicious, willful and wanton, and with a design to oppress and injure the plaintiffs.

31. Each of the defendants caused, and is responsible for the unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting into motion, policies, practices, plans or actions that led to the unlawful conduct; by failing and refusing with deliberate indifference to plaintiffs' rights to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

32. As a direct and proximate result of these defendants' actions, as detailed above, plaintiffs have suffered and continue to suffer, inter alia, suffering, mental distress and anguish, humiliation, loss of liberty, loss of income, and legal expenses.

33. Plaintiffs were forced to appear in court on three occasions and ultimately were tried for the offense of criminal trespass.

34. The charges against the individual defendants were dismissed on June 15, 2006, after

5

three court appearances. The judge entered a directed verdict finding that the state has failed to meet its burden of proof and could not do so against the individual plaintiffs.

35. Individual plaintiffs did not commit a crime, did not resist arrest, were never ordered to disperse, did not witness nor hear any police warnings, and were never informed that they had to leave the area.

36. The treatment suffered by individual plaintiffs Juan and José Doe is typical and characteristic of the treatment that day laborers routinely receive at the hands of Chicago police officers.

37. Day laborers are often arrested for no reason, without probable cause and with full knowledge by the arresting officers that no crime has been committed.

38. There are often mass arrests of day laborers, where several of the day laborers are arrested at once, taken to the station, booked, and detained until the officers in charge decide to release them, usually on an individual recognizance bond.

39. The workers are forced to present themselves in court to defend against the frivolous charges, and as a result are often forced to miss work and incur other expenses in defending against such frivolous charges.

40. Often the charges are dismissed immediately because the charging or arresting officer fails to show up for court.

41. Occasionally the officer does show up, occasioning further court appearances and the intervention of attorneys on behalf of the workers.

42. Recent instances of police harassment have taken new and uglier forms. In one recent instance, an employer after having picked up three workers was pulled over by a police

officer, whose identity is as of yet undetermined, the officer drew his gun and ordered the workers out of the vehicle driven by the employer.

43. The officer apparently told the employer that he could not hire these workers off of the street.

44. The threat of violence implied by the drawing of a gun in a situation in which such a reaction was completely unwarranted, has had the effect of creating fear among the day laborers and chilling their First Amendment rights.

45. In another recent instance, police officers have set up sting operations in the parking lot of a Home Depot store on the south side of Chicago.

46. In this case a white van pulled into the parking lot of a Home Depot store and the driver motioned to workers who were standing on the sidewalk outside of the store parking lot to come to the van.

47. When the workers approached the van they were surrounded by police officers and arrested.

48. Again the identities of the officers involved in the charges that were leveled against the workers have yet to be ascertained. However, these instances show the degeneration of civility by certain officers toward nonviolent, noncriminal individuals who have a constitutional right to solicit work in public places.

## COUNT I
### FALSE ARREST IN VIOLATION OF SECTION 1983
### BROUGHT BY INDIVIDUAL PLAINTIFFS

49. Paragraphs 1-48 are realleged the same as though fully pleaded herein.

50. Defendants arrested the individual plaintiffs falsely, wrongfully, and without reasonable

suspicion or probable cause.

51. Defendants deprived the plaintiffs of their liberty without due process, in violation of their Fourteenth Amendment rights to be free from unreasonable search and seizure, and 42 U.S.C. Sec. 1983.

52. Defendants' conduct constitutes a willful violation of 42 U.S.C. Sec. 1983.

53. As a proximate result of the actions alleged herein, the plaintiffs have suffered damages and irreparable injury

## COUNT II
## WRONGFUL DETENTION AND IMPRISONMENT IN VIOLATION OF SECTION 1983 BROUGHT BY INDIVIDUAL PLAINTIFFS

54. Paragraphs 1-53 are realleged the same as though fully pleaded herein.

55. Defendants detained and imprisoned the plaintiffs falsely, wrongfully, and without reasonable suspicion or probable cause.

56. Defendants deprived the plaintiffs of their liberty without due process of law, in violation of their Fourteenth Amendment rights and 42 U.S.C. 1983.

57. Defendants' conduct constitutes a willful violation of 42 U.S.C. Sec. 1983.

58. As a proximate result of the actions alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT III
## VIOLATION OF FIRST AMENDMENT RIGHTS UNDER SECTION 1983 BROUGHT BY INDIVIDUAL PLAINTIFFS

59. Paragraphs 1-58 are realleged the same as though fully pleaded herein.

60. Plaintiffs, who were engaged in lawful First Amendment activity on the public streets and sidewalks of the City of Chicago, were acting reasonably within time, manner and place restrictions and were not provided any alternative channels for their expression.

61. Defendants arrested plaintiffs in order to intimidate them and prevent them from returning to exercise their First Amendment rights to assemble peaceably and to express their message of needing and being available for work.

62. The actions of defendants in falsely detaining, arresting and imprisoning plaintiffs who were exercising their constitutional rights to freedom of association and expression violated their First Amendment rights and 42 U.S.C. Sec. 1983.

63. Defendants' conduct constitutes a willful violation of 42 U.S.C. Sec. 1983.

64. As a proximate result of the actions alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT IV
## CONSPIRACY TO VIOLATE SECTION 1983 BROUGHT BY INDIVIDUAL PLAINTIFFS

65. Paragraphs 1-64 are realleged the same as though fully pleaded herein.

66. Defendant Officers and Degenhart knowingly and voluntarily entered into and participated in an agreement and common scheme to violate plaintiffs' constitutional rights.

67. Defendants had constructive notice of, or exhibited deliberate indifference to, the violations of plaintiffs Fourteenth Amendment rights.

68. Defendants acted willfully, maliciously, and in wanton disregard for plaintiffs' rights. The defendants' conduct constitutes a violation of 42 U.S.C. Sec. 1983.

69. As a proximate result of the practices alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT V
## PRACTICE AND CUSTOM CLAIM UNDER SECTION 1983
## BROUGHT BY ALL PLAINTIFFS

70. Plaintiffs reallege paragraphs 1 through 69.

71. The Chicago Police Department has by General Order, formally acknowledged its obligation to train its officers regarding their conduct and the public's rights under the First and Fourteenth Amendments to the United States Constitution.

72. The CPD has ignored this obligation and permits its officers to ignore First and Fourteenth Amendment rights.

73. The actions of the individual defendants were done pursuant to one or more interrelated de facto as well as explicit policies, practices and/or customs of the City of Chicago and its police department.

74. Upon information and belief, higher ranking police officials planned, authorized, directed, ratified and/or acquiesced in the unconstitutional and unlawful police actions complained of herein.

75. At all times material to this complaint the defendant City and its police department had interrelated de facto policies, practices, and customs which included, inter alia, the failure to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control police officers engaged in committing violations of police department rules and regulations, including the excessive use of force, false detentions, false arrests, false imprisonments, the harassment of civilians exercising their First Amendment Rights, and the manufacturing of

false reports and statements as well as the encouragement of false detentions, false arrests, and false imprisonments.

76. The policies, practices and customs, as set forth above, were maintained and implemented with deliberate indifference, and were a direct and proximate causes of said constitutional, statutory, common law violations, and injuries to the plaintiffs.

## COUNT VI
### VIOLATIONS OF ILLINOIS CONSTITUTION BROUGHT BY INDIVIDUAL PLAINTIFFS

77. Plaintiffs reallege paragraphs 1 through 76.

78. The actions taken by defendants denied plaintiffs their state constitutional rights to be secure in their persons; to be free from unreasonable searches and seizures; to speak, write and publish freely; to assemble in a peaceable manner; to due process of law and equal protection of the laws, as provided by the Illinois Constitution, Article 1, sections 1, 2, 4, 5, and 6, and were a direct and proximate cause of plaintiffs' injuries as set forth above.

## COUNT VII
### FALSE ARREST UNDER STATE LAW BROUGHT BY INDIVIDUAL PLAINTIFFS

79. Paragraphs 1-78 are realleged the same as though fully pleaded herein.

80. Defendant officers arrested the plaintiffs falsely, wrongfully, and without reasonable grounds to believe that they had violated the law.

81. Defendants acted willfully, maliciously, and in wanton disregard for plaintiffs' rights.

82. As a proximate result of the actions alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT VIII
### FALSE IMPRISONMENT UNDER STATE LAW
### BROUGHT BY INDIVIDUAL PLAINTIFFS

83. Paragraphs 1-82 are realleged the same as though fully pleaded herein.

84. Defendant officers detained and imprisoned the plaintiffs falsely, wrongfully, and without reasonable grounds to believe that they had violated the law.

85. Defendants acted willfully, maliciously, and in wanton disregard for plaintiffs' rights.

86. As a proximate result of the actions alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT IX
### CLAIM FOR MALICIOUS PROSECUTION BROUGHT BY INDIVIDUAL PLAINTIFFS

87. Plaintiffs reallege paragraphs 1 through 86.

88. Plaintiffs were subjected to judicial proceedings for which there was no probable cause, the defendants instituted the proceedings maliciously, and the proceedings were terminated in the plaintiffs' favor, and the charges dismissed, indicative of their innocence.

89. Individual officer defendants and defendant Degenhart committed the tort of malicious prosecution.

90. As a result of the practices alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT X
### CIVIL CONSPIRACY UNDER STATE LAW BROUGHT BY INDIVIDUAL PLAINTIFFS

91. Paragraphs 1-90 are realleged the same as though fully pleaded herein.

92. The individual officer defendants and defendant Degenhart knowingly and voluntarily

entered into and participated in an understanding, agreement and common scheme to commit the unlawful acts alleged above.

93. The decision and related activities involved in the arrests of the plaintiffs without probable cause and the maltreatment of plaintiffs on the street and in the jails, were part of, and were overt acts taken in furtherance of, the conspiracy.

94. In furtherance of this conspiracy or conspiracies, the defendants committed the overt acts set forth above.

95. Defendants acted willfully, maliciously, and in wanton disregard for plaintiffs' rights.

96. As a result of the practices alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT XI
## RESPONDEAT SUPERIOR CLAIM BROUGHT BY ALL PLAINTIFFS

97. Plaintiffs reallege paragraphs 1 through 96.

98. Defendants individual defendant police officers were, at all times relevant to this Count, employees and agents of the defendant City of Chicago. Each of the above named individual defendants was acting within the scope of their employment, and their acts and omissions are directly chargeable to their employer the defendant City of Chicago under state law pursuant to repondeat superior.

## COUNT XII
## 745 ILCS § 1019-1021 CLAIM BROUGHT BY ALL PLAINTIFFS

99. Plaintiffs reallege paragraphs 1 through 98.

100. Defendant City of Chicago was the employer of officer defendants, and the defendant

13

individual police officers at all times relevant to this complaint. The officers committed the acts alleged above in the scope of their employment as employees of defendant City of Chicago.

WHEREFORE, plaintiffs pray for the following:

(a) Trial by Jury on the charges raised in his Complaint and advancement on the Court's docket for a speedy hearing;

(b) That a declaratory judgment be issued that plaintiffs' rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the acts cited;

(c) That this the Court permanently enjoin defendants, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

(d) That plaintiffs have and recover from the defendants pre and post judgment interest, compensatory, consequential and punitive damages for emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses and for any other damages to which plaintiffs may be entitled under federal and/or state law;

(e) That plaintiffs be warded reasonable attorney's fees pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. Section 1988 and any other attorney fee statutes;

(f) That this Court issue a preliminary and permanent injunction ordering defendants to return and destroy all documents and records relating or referring to plaintiffs' arrests and any other reference to plaintiffs in police files based on their arrests on April 06, 2006;

(g) That this Court issue a preliminary and permanent injunction ordering defendants to have

all records of plaintiffs expunged and ensure that all files are returned to plaintiffs from all applicable government bodies, *including* but not limited to the Department of Homeland Security, the FBI, the CIA, the Illinois State Police, and act to expunge all electronic files, fingerprint records and all other records that may have been created in regard to these *wrongful* arrests and prosecutions with all applicable agencies.

(h) That this Court such other relief as it deems just and proper.

By _____
One of plaintiffs' attorneys

Jorge Sanchez
Despres Schwartz and Geoghegan
77 West Washington Street
Suite 711
Chicago, Illinois 60602
(312) 372-2511 ext. 18